UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RUSSELL VANBROCKLEN,

                Plaintiff,

v.

DR. DHAM GUPTA,

                Defendant.

**REPORT AND RECOMMENDATION**

09-CV-00897(A)(M)

---

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a report and recommendation on dispositive motions [3].[1] Before me is plaintiff's motion for summary judgment [47]. For the following reasons, I recommend that plaintiff's motion be DENIED.

## BACKGROUND

        Plaintiff's *pro se* complaint seeks recovery against defendant Dham Gupta, M.D. in connection with the medical care and treatment he provided to plaintiff in the psychiatric emergency department at the Erie County Medical Center on June 14, 2009. Complaint [1]. He asserts a variety of causes of action arising from this incident, including violations of the Fourth and Fourteenth Amendments and state tort claims. Id.

---

[1]     Bracketed references are to the CM/ECF docket entries.

Several months after preliminary pretrial conference, defendant moved to dismiss the complaint [34]. In response, plaintiff has moved for summary judgment [47]. His motion consists only of a memorandum of law with attached medical records and discovery.

**ANALYSIS**

Local Rule of Civil Procedure 56.1 requires that a motion for summary judgment be accompanied by a statement of undisputed facts citing to admissible evidence. "Failure to submit such a statement may constitute grounds for denial of the motion." Local Rule 56.1(a). A motion for summary judgment must also be accompanied by a memorandum of law *and* an affidavit in support of the motion. Local Rule 7.1(e). Plaintiff's motion fails to comply with either of these rules.

"While a *pro se* litigant's pleadings must be construed liberally . . . , *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. Immigration and Naturalization Service, 59 F. 3d 5, 8 (2d Cir. 1995). The Local Rules are not unfamiliar to plaintiff. He has litigated three other cases in this District (VanBrocklen v. Niagara Frontier Transportation Authority (8-cv-120); VanBrocklen v. United States of America (8-cv-272); VanBrocklen v. Transportation Security Administration (9-cv-815)), and has several cases pending in the Northern District of New York (VanBrocklen v. United States of America (8-cv-312) and VanBrocklen v. GEICO (8-cv-254)). Plaintiff's familiarity with the Local Rules is evident by the fact that in connection with this motion, he complied with Local Rule 7.1(f) by moving to exceed the 25 page limitation for briefs [43]. He has also been cautioned that his "status as a *pro se* litigant does not excuse his non-compliance

with the Local Rules". Vanbrocklen v. United States Transportation Security Administration, 2009 WL 1449042, *2 (N.D.N.Y. 2009). Because I find no reason to excuse plaintiff's failure to comply with Locals Rule 56.1 and 7.1(e), I recommend that plaintiff's motion be denied, without prejudice to his right to file a motion in compliance with the requirements of this court's Local Rules.[2]

## CONCLUSION

For these reasons, I recommend that plaintiff's motion for summary judgment [47] be denied without prejudice to renewal.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by April 12, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically

---

[2] The deadline for dispositive motions is June 20, 2010. Case Management Order [9], ¶10.

identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: March 24, 2010