UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RUSSELL VANBROCKLEN,

                Plaintiff,

v.

DR. DHAM GUPTA,

                Defendant.

**REPORT AND RECOMMENDATION**

09-CV-00897(A)(M)

---

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a report and recommendation on dispositive motions [3].[1] Before me is plaintiff's motion for partial summary judgment [62]. For the following reasons, I recommend that plaintiff's motion be denied.

        Plaintiff's *pro se* complaint alleges that, *inter alia*, defendant Dham Gupta, M.D. violated his 14th Amendment Due Process rights in connection with the medical care and treatment he provided to plaintiff in the psychiatric emergency department at the Erie County Medical Center on June 14, 2009. Complaint [1]. At the April 30, 2010 oral argument of defendant's motion to dismiss the complaint, the parties stipulated that the complaint be withdrawn without prejudice to plaintiff's right to file and serve an amended complaint by May 31, 2010 [61]. To date, plaintiff's amended complaint has not been filed. Nevertheless, plaintiff now moves for partial summary judgment on his 14th Amendment Due Process claim [62].

---

[1]     Bracketed references are to the CM/ECF docket entries.

There currently being no active Due Process claim for plaintiff to seek judgment on, I recommend that plaintiff's motion be denied without prejudice to renewal. *See* <u>Mitchell v. McNeil</u>, 2009 WL 903613, *2 (N.D.Fla. 2009) ("In this case, Plaintiff cannot demonstrate a substantial likelihood of success as Plaintiff has not yet complied with the order to submit a second amended civil rights complaint. Because there is no active complaint to review in this case, Plaintiff cannot show a likelihood of success. Therefore, the instant motion must be denied".).

**CONCLUSION**

For these reasons, I recommend that plaintiff's motion for partial summary judgment [62] be denied without prejudice to renewal.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by May 28, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: May 11, 2010