UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RUSSELL VANBROCKLEN,

                            Plaintiff,

v.

DR. DHAM GUPTA,

                            Defendant.
_____

**REPORT AND RECOMMENDATION**

09-CV-00897(A)(M)

This case has been referred to me by Hon. Richard J. Arcara to hear and report on all dispositive motions [3].[1] Before me are defendant's motion to dismiss the Amended Complaint [67] and plaintiff's motion for partial summary judgment [83]. Oral argument was held before me on November 19, 2010. For the following reasons, I recommend that both motions be denied.

**BACKGROUND**

Plaintiff claims to suffer from a panic disorder as a result of severe sexual abuse as a child. Amended Complaint [64], ¶1.[2] On June 14, 2009, he suffered a panic attack while at the Walden Galleria Mall. Id., ¶¶7, 59, 77.[3] He was transported to the Erie County Medical Center ("ECMC") emergency department and treated under the New York State Mental Hygiene

---

[1]     Bracketed references are to CM-ECF docket entries.

[2]     Although plaintiff erroneously captions his pleading as a "Second Amended Complaint", actually it is the Amended Complaint.

[3]     While the Amended Complaint also refers to an October 29, 2007 incident involving ECMC (Amended Complaint [64], ¶6), plaintiff seeks recovery only for the June 14, 2009 incident.

Law. Id., ¶¶ 14, 79. He alleges that he cautioned the medical personnel that touching him "on his briefs and having the waistband of his briefs lifted or moved evokes terrifying negative emotions fed by the traumatic experiences of sexual abuse as a child". Id., ¶¶3, 118.[4]

Plaintiff alleges that defendant Gupta, the attending physician at ECMC, ordered plaintiff to be injected with Haldol without first reading plaintiff's psychological report, and without informing the nurses not to touch his waist band. Id., ¶¶9, 92, 117-118. He further alleges that over his objection, ECMC employees held him down, lowered his waist band and forcibly injected him, causing him to scream in extreme pain. Id., ¶¶9-11, 97, 101, 107-111.

As a result of this conduct, plaintiff asserts federal claims under 42 U.S.C. §1983 (Count 7, ¶¶247-48), the Fourth Amendment (Count 17, ¶¶267-69), and the Fourteenth Amendment (Count 18, ¶¶270-72), and state law claims for intentional and negligent infliction of emotional distress (Counts 1, 19 ¶¶153-73, 273-75), negligence (Counts 2, 10-16, ¶¶174-82, 253-66), false arrest (Count 3, ¶¶183-214), battery (Counts 4-5, ¶¶216-40), New York's Mental Hygiene Law (Count 6, ¶¶241-246), malpractice (Count 8-9, ¶¶249-52), infliction of extreme pain (Count 20, ¶¶276-77), and failure to supervise (Count 21, ¶¶278-79).

Defendant has moved to dismiss the Amended Complaint[5] pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), arguing that defendant was not acting under the color of state law, and that in the absence of the federal claims, the court should not exercise supplemental jurisdiction

---

[4] It is unclear from the Amended Complaint whether plaintiff verbally communicated this or provided a medical report to this effect.

[5] In response to defendant's motion to dismiss plaintiff's original Complaint [34], the parties agreed that plaintiff would withdraw his Complaint, without prejudice to filing an Amended Complaint, or to defendant's right to move against that pleading. April 30, 2010 Text Order [61].

over plaintiff's state law claims pursuant to 28 U.S.C. §1367(c)(3) [67]. After defendant's motion to dismiss was fully briefed, plaintiff moved for partial summary judgment on his Fourteenth Amendment Due Process claim [83].

**ANALYSIS**

A.  **Defendant's Motion to Dismiss**

    1.  **Should Plaintiff's Opposing Papers be Considered?**

Plaintiff's response to defendant's motion to dismiss consists of a single unsworn document containing legal and factual arguments, which attaches the Amended Complaint [78]. Defendant argues that plaintiff's opposing papers fail to comply with Local Rule 7.1(e), which requires a party opposing a motion to dismiss to file a Memorandum of Law and supporting Affidavit. Affronti Reply Affidavit [79], ¶¶8-10.

Although I have previously rejected plaintiff's summary judgment motion for failing to comply with the Local Rules [49], I do not find it necessary to do so here. Although Local Rule 7.1(e) requires that an Affidavit be submitted in opposition to a motion to dismiss, given the nature of a motion to dismiss, which is directed to the facial sufficiency of the Amended Complaint, I do not find plaintiff's submission to be deficient. Therefore, I have considered plaintiff's opposition in its entirety.

2. **Dismissal Standard**

"When, as here, the complaint is filed by a *pro se* plaintiff, we construe the complaint liberally, interpreting it to raise the strongest arguments that it suggests." Caro v. Weintraub, 618 F.3d 94, 97 (2d Cir. 2010). Moreover, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated". Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

"Notwithstanding this rule, however, even when a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended." Johnson v. Connolly, 2008 WL 724167, *6 (N.D.N.Y. 2008). Thus, where the problem with plaintiff's complaint is "substantive [and] better pleading will not cure it [,] . . . [s]uch a futile request to replead should be denied". Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Moreover, leave to amend is "taken very seriously and with consideration that the Court need not allow unlimited efforts to state a claim". Henry v. Cuomo, 2008 WL 489258, *3 (W.D.N.Y. 2008)(Telesca, J.).

3. **42 U.S.C. §1983 and Fourth and Fourteenth Amendment Claims**

Liberally reading plaintiff's *pro se* Amended Complaint, it alleges a 42 U.S.C. §1983 claim arising from violations of his Fourth and Fourteenth Amendment rights. Amended Complaint [64] Counts 7, 17, 18. Defendant argues that this claim should be dismissed because plaintiff does not allege that he was a state actor or otherwise acting under color of state law. Defendant's Memorandum of Law [67-3], pp. 5-6.[6]

---

[6] The pages of defendant's Memorandum of Law are unnumbered. Therefore, I have used the CM/ECF pagination.

"Because the [Fourth and Fourteenth] Amendments are directed at the States, they can be violated only by 'state action' and not by the conduct of a private actor." Okunieff v. Rosenberg 996 F. Supp. 343, 348 (S.D.N.Y. 1998), aff'd., 166 F. 3d 507 (2d Cir. 1999), cert. denied, 528 U.S. 1144 (2000). Thus, "plaintiff fails to state a claim under Section 1983 where the plaintiff does not sufficiently allege that the defendant acted under color of state law". Colombo v. O'Connell, 310 F.3d 115, 117 (2d Cir. 2002), cert. denied, 538 U.S. 961 (2003).[7]

Defendant argues that "there is no allegation that [he] is a state actor or otherwise acted under color of law". Defendant's Memorandum of Law [67-3], p. 5. However, when liberally read, plaintiff's *pro se* Amended Complaint alleges that defendant was acting under color of state law: "[T]he Second Circuit . . . has held that psychiatrists, working in a psychiatric emergency room, be it public or private (or a mix of public and private) are acting under the Color of New York State Law when the psychiatrist decides if a Patient will be involuntarily committed or not". Amended Complaint [64], ¶¶34, 38, 92 (defendant was the "Attending Medical Doctor specializing in psychiatry").[8] Liberally reading plaintiff's Amended Complaint,

---

[7] "Though some courts have considered a deficient allegation of the color-of-law element of section 1983 as a jurisdictional deficiency. . . , [the Second Circuit has] ruled that the sufficiency of a color-of-law allegation is to be tested under Rule 12(b)(6)." Monsky v. Moraghan, 127 F.3d 243, 245 (2d Cir. 1997), cert. denied, 525 U.S. 823 (1998).

[8] Although defendant argues that plaintiff's response to his motion to dismiss "fails to provide any cognizable opposition to the defendant's Motion to Dismiss" (Affronti Reply Affidavit [79], 18), even if the motion was unopposed, I would still be obligated to "review the merits of the motion and determine whether the movant has carried its burden." Foster v. Phillips, 2005 WL 2978686, *3 (S.D.N.Y. 2005).

it likewise alleges that defendant was employed by ECMC, a public hospital.[9] See Kilgore v. Kaufman, 2008 WL 4426616, *8 (N.D.N.Y. 2008), vacated in part on other grounds, 374 Fed.Appx. 89 (2d Cir. 2010) ("Although Kilgore's second amended complaint does not expressly state that defendants were acting under color of state law when the alleged violations occurred, under the liberal standard afforded pro se litigants, the Court finds that Kilgore's allegations, which consistently characterize defendants as police officers, fairly suggest that defendants' alleged actions occurred during the course of the performance of their official duties and as such, under the color of state law").

Defendant also appears to argue that even accepting the allegations of the Amended Complaint as true, "when a physician prescribes medication (which is essentially the basis of the plaintiff's claim in the instant matter), the physician is not exercising governmental authority, but, rather, using medical judgment". Defendant's Memorandum of Law [67-3], p. 6. In support of this argument defendant relies on Okunieff and Vazquez v. Marciano, 169 F. Supp. 2d 248 (S.D.N.Y. 2001). Id. However, these cases are readily distinguishable, in that they involve private hospitals and doctors not under contract with the State. See Okunieff, 996 F. Supp. at 346 (the defendant medical center was "a private medical institution doing business as a private corporation" and the individual defendants were either residents at the medical center or "private physicians with privileges at [the medical center]"); Vazquez, 169 F. Supp. 2d at 253-

---

[9] "The statute that created [the Erie County Medical Center Corporation] in 2003 recites that 'Erie County Medical Center is [the] public hospital [theretofore] owned and operated by the county of Erie'; that it 'is the only major public hospital in western New York'". Reese v. Daines, 2008 WL 4239020, *2 (Erie Cty. Sup. Ct. 2008), aff'd as modified, 62 A.D.3d 1254 (4th Dep't 2009). See United States v. Erie County Medical Center, 2002 WL 31655004, *2 (W.D.N.Y. 2002) (Elfvin, J.).

254 ("The State is ultimately not liable for determinations that 'turn on medical judgments made by private parties according to professional standards that are not established by the State' . . . , especially where, as here, Lippe was not performing a function traditionally reserved for the State and where he was not under contract with the State to provide medical services").[10] Therefore, based upon the pleadings, I am unable to conclude, as a matter of law, that plaintiff has failed to allege conduct by a state actor.

Alternatively, defendant argues that "plaintiff does not allege that he was taken to the hospital involuntarily; nor does he allege that he was involuntarily *committed* to the hospital. Under these circumstances, he has failed to state a claim under the Fourth Amendment, Fourteenth Amendment, 42 U.S.C. § 1983, and the New York State Mental Hygiene Law." Defendant's Memorandum of Law [67-3], p. 6 (emphasis in original). This argument ignores the Amended Complaint's allegations that plaintiff's hospitalization and treatment were over his objection. *See, e.g.*, Amended Complaint [64], ¶97 ("The Plaintiff refused the injection"); ¶150 ("The Plaintiff never signed Consent for Treatment & Payment"); ¶189 ("the plaintiff did not consent to the confinement"). Therefore, I recommend that defendant's motion to dismiss plaintiff's federal claims be denied.

---

[10] *Compare with* Nedd v. Queens Hospital Center, 2008 WL 2497428, *2 (E.D.N.Y. 2008) ("The Queens Hospital Center is a public hospital, and its employees would be considered state actors.").

### 4. Claims Under Article 9 of New York's Mental Hygiene Law

Defendant argues that "[t]o the extent plaintiff purports to state a claim under Article 9 of the Mental Hygiene Law, that claim must fail because Article 9 is New York's general civil confinement statute and governs the civil commitment of patients to the state's mental health facilities." Defendant's Memorandum of Law [67-3], p. 6. He also argues that "Mental Hygiene Law 9.39 and 9.40, . . . are inapposite to an analysis of the plaintiff's appearance at ECMC on the day in question, as *there is no allegation that he was committed to the hospital pursuant to those provisions*." Id. (emphasis added).

Both of defendant's arguments ignore the plain allegations of the Amended Complaint, which claim that plaintiff's confinement was under Article 9 of New York's Mental Hygiene Law: "Plaintiff was probably appropriately admitted to the ECMC CPEP unit via New York Mental Hygiene Law 9.39, or 9.40, or some other provision of New York State Mental Hygiene Law". Amended Complaint [64], ¶¶ 14, 79. Moreover, as discussed above, the Amended Complaint alleges that plaintiff was involuntarily committed and treated over his objection. Id., ¶¶150, 189, Count 6 ("Mental Hygiene Law - Involuntary Retention of Mentally Ill"). Therefore, I recommend that this aspect of defendant's motion be denied.

### 5. State Law Claims

Defendant argues that in the event plaintiff's federal law claims are dismissed, the court should not exercise supplemental jurisdiction over his state law claims. Defendant's Memorandum of Law [67-3], p. 7. However, as I am not recommending that plaintiff's federal

claims be dismissed, I see no basis at this time to refuse to exercise supplemental jurisdiction over his state law claims.

**B.      Plaintiff's Motion for Partial Summary Judgment**

    **1.      Summary Judgment Standard**

The standard to be applied on a motion for summary judgment in this Circuit is well settled. "'Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant[.] Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party.'" Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003).

    **2.      Plaintiff's Due Process Claim**

Plaintiff seeks partial summary judgment on his Fourteenth Amendment Due Process Claim. Plaintiff's Memorandum of Law [83], p. 1. Defendant argues that plaintiff has failed to meet his burden and that issues of fact remain necessitating denial of the motion. Defendant's Memorandum of Law [88-4], Points B and C. I agree with defendant.

"An involuntary civil commitment is a 'massive curtailment of liberty' and it therefore cannot permissibly be accomplished without due process of law." Rodriguez v. City of New York, 72 F.3d 1051, 1061 (2d Cir. 1995)(*quoting* Vitek v. Jones, 445 U.S. 480, 491 (1980)). "As a substantive matter, due process does not permit the involuntary hospitalization of a person who is not a danger either to herself or to others . . . and as a procedural matter, due process does not permit continuation of a challenged involuntary civil commitment without a hearing, at which the substantive predicates must be established by clear and convincing evidence." Id. at 1061-62.

With respect to treatment, "[a]n involuntarily confined patient has a right to 'conditions of reasonable care and safety.'" Kulak v. City of New York, 88 F.3d 63, 77 (2d Cir. 1996) (*quoting* Youngberg v. Romeo, 457 U.S. 307, 324 (1982)). "The decisions of physicians regarding the care and safety of patients are entitled to a presumption of correctness." Id. Thus, "a doctor will not be liable under § 1983 for the treatment decisions she makes unless such decisions are 'such a substantial departure from accepted judgment, practice, or standards as to demonstrate that [she] actually did not base the decision on such a judgment.'" Id. at 75 (*quoting* Youngberg, 457 U.S. at 323). "This standard requires more than simple negligence on the part of the doctor but less than deliberate indifference." Id.

Additionally, "[t]he Fourteenth Amendment protects the right of a competent person to refuse unwanted medical treatment." Jelich v. Hogan, 2009 WL 3497495, *3 (E.D.N.Y. 2009) (*citing* Cruzan v. Director, Missouri Department of Health, 497 U.S. 261, 278, (1990)). Under New York law, "[s]uch a right may be set aside only in narrow circumstances, including those where the patient 'presents a danger to himself or other members of society or

engages in dangerous or potentially destructive conduct within the institution.'" Kulak, 88 F.3d at 74 (*quoting* Rivers v. Katz, 67 N.Y.2d 485, 495 (1986)). New York law provides that a patient may be treated against his will in emergency situations "where the patient is presently dangerous and the proposed treatment is the most appropriate reasonably available means of reducing that dangerousness". 14 N.Y. Comp. Codes R. & Regs. § 527.8(c)(1).

As best I can discern from plaintiff's ambiguous Amended Complaint and motion, he alleges that his substantive due process rights were violated by his involuntary commitment and treatment at ECMC on June 14, 2009. Specifically, he alleges that he was not a danger to himself or others and that defendant did not read his file or examine him before ordering that he be injected with Haldol. Amended Complaint [64], ¶44.

Even assuming that plaintiff's submissions establish his entitlement to summary judgment, defendant's affidavit [88-2] establishes that the core facts as to whether plaintiff was involuntarily committed, whether there was an adequate basis to treat him over his objection, and whether he received an appropriate level of care, are all in dispute. Defendant states that plaintiff "was not admitted to the hospital or committed to any mental health facility" and "not kept on a psychiatric hold or sent to a lock-down unit". Gupta Affidavit [88-2], ¶¶8, 14.[11] Rather he was treated "to ensure his safety" and "for what was deemed an emergency situation". Id. According to defendant, "the administration of Haldol and Ativan in standard dosage was the most appropriate, reasonably available means to treat and stabilize plaintiff's condition", and that the prescribed treatment "was clearly indicated and well within the standard of care". Id., ¶¶8, 10.

---

[11] Although defendant's affidavit states that plaintiff was non-verbal when he arrived at ECMC, he does not state whether plaintiff objected to being administered Haldol and Ativan. Gupta Affidavit [88-2], ¶5.

Once plaintiff's condition had stabilized and defendant learned from plaintiff's treating psychologist that plaintiff was not a risk of lethality to himself or others, he was discharged approximately 2 hours after he arrived at ECMC. Id., ¶¶8, 9.

These averments are sufficient to raise a triable issue of fact as to plaintiff's entitlement to judgment on his Due Process Claim. Therefore, I recommend that plaintiff's cross-motion for summary judgment be denied.

**CONCLUSION**

For these reasons, I recommend that defendant's motion to dismiss the Amended Complaint [67] and plaintiff's motion for partial summary judgment [83] be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by December 10, 2010 (applying the time frames set forth in Fed. R. Civ. P. ("Rule") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically

identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: November 23, 2010