UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RUSSELL VANBROCKLEN,  **DECISION AND ORDER**

               Plaintiff,

                                09-CV-00897(A)(M)

   v.

DR. DHAM GUPTA,

               Defendant.

_____

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [3].[1]  Before me are defendant's motion for a protective order [116] and plaintiff's motion to be recognized as an expert [125].  For the following reasons, I order that these motions be denied, without prejudice to renewal.

**BACKGROUND**

        Plaintiff's *pro se* complaint seeks recovery against defendant Dham Gupta, M.D. in connection with the medical care and treatment he provided to plaintiff in the psychiatric emergency department at the Erie County Medical Center on June 14, 2009.  Complaint [1].  He asserts a variety of causes of action arising from this incident, including violations of the Fourth and Fourteenth Amendments and state tort claims.  Id.

---

[1]    Bracketed references are to the CM/ECF docket entries.

ANALYSIS

A.   **Defendant's Motion for a Protective Order**[2]

Plaintiff filed a motion to produce "requesting that the Court order [defendant's counsel] to review each of Dr. Gupta's medical files, since he started working at ECMC CPEP until in 1994, and provide the plaintiff with a summarized, sanitized, report for each time Dr. Gupta order [*sic*] an injection, over the patient's wishes, before Dr. Gupta filled out the 'Comprehensive Psychiatric Emergency Program Interdisciplinary Assessment Form.' To protect the patient's privacy, all names should be changed to John or Jan Doe, and all medical terms should be converted into laymen's terms" [109], p. 4.

Defendant opposed this motion [115] and cross-moved for a protective order "to prevent plaintiff for continuing to improperly seek discovery from the defendant without having a basis therefore, without having made an effort to first obtain the discovery through a demand or request, or without properly evaluating whether the documents he desires even exist." Affronti Affidavit [116], ¶36. According to defendant, "if there are no consequences to [plaintiff's] clearly inappropriate behavior, plaintiff will continue to waste judicial time and resources, along with that of the defendant, in continuance of his seemingly innumerable, and clearly improper, court filings." Id., ¶40. Therefore, defendant also seeks the reasonable costs and expenses incurred in filing its cross-motion for a protective order. Notice of Motion [116]. Id., ¶¶37-41.

Shortly after defendant's response and cross-motion for a protective order were filed, plaintiff moved to withdraw his motion to produce [119]. Despite the withdrawal of

---

[2]   Although plaintiff requests oral argument on this motion [120], I find that the motion can be resolved on the papers.

plaintiff's motion, defendant advised my chambers of his intent to proceed with his cross-motion for a protective order.

Pursuant to Fed. R. Civ. P. ("Rule") 26(c)(1) "[t]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense". Defendant's motion seeks a "protective order . . . to prevent plaintiff from continuing to improperly seek discovery from the defendant without having a basis therefore, without having made an effort to first obtain discovery through a demand or request, or without properly evaluating whether the documents he desires even exist." Affronti Affidavit [116], ¶36. Although defendant generally argues that he has "expended considerable time and resources in responding to plaintiff's countless inappropriate and untimely submissions for more than one year" (Affronti affidavit [116], ¶37), he fails to specifically identify any other motion in which plaintiff has repeated the conduct sought to be addressed by the protective order. Therefore, defendant has not established good cause to grant defendant's motion for a protective order at this time. Nevertheless, plaintiff is reminded of his obligation to only move for relief that he has a good faith basis for seeking. His future failure to do so may subject him to sanctions.

I also note that aside from his motion to produce [109], plaintiff has withdrawn at least one other discovery motion [22] after defendant has been put to the task of responding on the merits to the motion. This conduct will not be condoned in the future, and may subject plaintiff to reimbursing defendant for the expense of responding to such motions.[3]

---

[3] Having denied defendants' motion for a protective order, I need not address his request for costs pursuant to Rule 26(c)(3). See Kryszak v. Chase Bank USA, N.A., 2008 WL 822015, *4 (W.D.N.Y. 2008) (Scott, M.J.) ("Under Rules 26(c)(3) and 37(a)(5) . . . , the Court has the discretion to impose the costs of the motion for a protective Order to the prevailing party" (citing 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure §2035, at 487 (Civil 2d ed.1994)).

B.     **Plaintiff's Motion to be Recognized as an Expert**

Relying on Washington v. Harper, 494 U.S. 210 (1990),[4] plaintiff argues that he is "required to show the Court that the Plaintiff is an expert in 'ORGANIZING' the 'THOUGHT PROCESSES ' of persons like the Plaintiff, in the hope of 'REGAINING a RATIONAL STATE OF MIND'. Once the Plaintiff does this, the Plaintiff is requesting that the Court recognize the Plaintiff as an expert witness in this case." Plaintiff's Reply [133], pp. 2-3 (emphasis in original). He also devotes a large portion of his motion to discussing his dyslexia and the program he has created to assist dyslexics. Id., pp. 4-30. In response, defendant argues that plaintiff is not qualified to render an expert opinion concerning psychiatric medicine and that his learning disability is not relevant to this case. Affronti Affidavit [127], ¶¶11-28.

Generally, permitting plaintiff to act in the role of "both Plaintiff and advocate" would be "unfairly prejudicial, misleading and confusing to the jury." Kranis v. Scott, 178 F.Supp.2d 330, 333-34 (E.D.N.Y. 2002). *See* Ordon v. Karpie, 273 Fed.Appx. 27, 30 (2d Cir. 2008) (summary order) ("plaintiff is 'too intertwined with the facts of this case as . . . the plaintiff in this action' to 'assist the trier of fact to understand the evidence or to determine a fact in issue'"); Zhang v. Honeywell International, Inc., 2008 WL 2699398, *1 (D.Ariz. 2008).

---

[4]     In Harper, the Supreme Court noted that "[a]ntipsychotic drugs [such as Haldol] are medications commonly used in treating mental disorders such as schizophrenia. . . . [T]he effect of these and similar drugs is to alter the chemical balance in the brain, the desired result being that the medication will assist the patient in organizing his or her thought processes and regaining a rational state of mind." 494 U.S. at 214.

However, without reaching the issue of what type of expert testimony, if any, plaintiff requires to support his claim and whether he is qualified to act as such an expert, I am unable to make any determination as to whether plaintiff should be permitted to act as his own expert because it is unclear from his motion whether he proposes to offer an expert opinion concerning his dyslexia, psychiatric medicines or the medical care and treatment he received. Therefore, plaintiff's motion is denied, without prejudice to renewal, attaching a proposed written expert report for my *in camera* review clearly delineating the scope of his testimony and its relevance to the claims at issue.[5]

## CONCLUSION

For these reasons, defendant's motion for a protective order [116] and plaintiff's motion to act as his own expert [125] are denied, without prejudice to renewal.

**SO ORDERED**.

Dated: July 13, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[5] Plaintiff's motion also requests permission to serve his expert report on an audio file because he is unable to write due to a concussion he sustained [125], p. 2. Given the number of written submissions by plaintiff since his concussion, I conclude that there is no basis to grant plaintiff leave to submit his expert report on an audio file for my *in camera* review.