UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUSSELL VANBROCKLEN,                             **REPORT,**
                                                 **RECOMMENDATION**
                                                 **AND ORDER**
                 Plaintiff,
                                                 09-CV-00897(A)(M)

   v.

DR. DHAM GUPTA,

                Defendant.
_____

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a report and recommendation on dispositive motions [3].[1] Before me is plaintiff's motion to compel [135] and defendant's cross-motion to dismiss [146]. Oral argument was held on October 12, 2011. For the following reasons, I order that plaintiff's motion to compel be denied, and I recommend that defendant's motion to dismiss be denied, without prejudice.

**BACKGROUND**

The facts of this case are familiar to the parties, and are fully set forth in my December 23, 2010 Report and Recommendation [94].

---

[1]    Bracketed references are to the CM/ECF docket entries.

ANALYSIS

A.      Plaintiff's Motion to Compel

This is plaintiff's second motion seeking production of certain patient records of individuals treated by defendant. Plaintiff's initial motion sought "sanitized records of other patients, of whom Dr. Gupta ordered injected with medication, against their will, while not fallowing [sic] standards that are generally accepted within the medical community" [109]. He withdrew this motion, without prejudice to renewal [119]

Plaintiff's current motion seeks the following three categories of patient records: 1) where defendant "ordered the injection of a patient, who did NOT engage 'in conduct' 'posing a risk of physical harm to himself or others'"; 2) where defendant "did NOT interview the patient BEFORE ordering that the Patient be injected with Haldol"; and 3) where defendant ordered the injection of a patient , "where at the time just before the injection, medical records clearly indicate that the patient was in a STABLE condition." Plaintiff's Motion to Compel [135], ¶¶7, 8. Plaintiff requests that all identifiable information of these patients be removed from these records and the information summarized in a report. Id., ¶9.

Defendant opposes the motion on procedural grounds, arguing that it was not preceded by a discovery request and fails to include a notice of motion, an affidavit, or a statement detailing the attempts to resolve the dispute as required by Loc. R. Civ. P. ("Local Rules") 7(a)(1), 7(a)(3) and 7(d)(4). Defendant's Memorandum of Law [146-1], pp. 14-19. Defendant also opposes the motion on substantive grounds, arguing that he does not possess these records, which are in the possession of the medical facility, that he is not obligated to create

new documents, that the discovery sought is confidential, and that this discovery is not relevant to this case, which pertains solely to the treatment plaintiff received.  Id., pp. 18-21.

Even assuming that plaintiff's motion was not premature and had complied with the Local Rules, plaintiff has not established that the discovery he is seeking is relevant. Although there are instances where the treatment rendered by a doctor to other patients may be relevant to a claim,[2] plaintiff has not established that this is such a case.[3]  According to plaintiff, he seeks this discovery "simply . . . to see if he has done this one or more times in the past.  A jury will want to know if this was a onetime mistake, or something Dr. Gupta has done several times."  Plaintiff's Reply [148], p. 23.  However, plaintiff stated at oral argument that "it is so clear from [defendant's] deposition testimony that he stated that he treated me just like everybody else". [4]  If that is the case, plaintiff would seemingly have what he seeks without the production of any records.

Aside from the relevance of these records, defendant  "does not maintain emergency room records separate and apart from those maintained by whichever facility he may be working", thus he "does not currently have in his possession or control, any of the confidential medical records plaintiff is seeking."  Affronti Affidavit [146], ¶¶43- 44 .  Because "[a] request

---

[2]   Compare with Gonzalez v. Choudhary, 2009 WL 1025543, *3 (D.N.J. 2009)(in a case brought pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §1395dd, the court held that the plaintiff was entitled to treatment records of other patients because under the EMTALA "[a] plaintiff must . . . present evidence that the hospital treated the plaintiff 'differently than any other patient who came to the emergency department with similar injuries and symptoms'").

[3]   Confusingly, plaintiff appears to concede that his requests are premature, by stating that "if and only if",  he establishes that defendant violated his constitutional rights, that it was defendant's custom or policy to do so and that he acted to patients in similar situations, that the court should order defendant to review the requested medical records. Plaintiff's Reply [148], pp. 9-10, 22.

[4]   Quoted from an informal transcription of the oral argument digital recording.

for documents does not include the obligation to create information or documents which a party does not control or possess", I cannot compel defendant to produce these records.  <u>UB Foundation Activities, Inc. v. IT Healthtrack, Inc.</u>, 2009 WL 4042937, *5 (W.D.N.Y. 2009)(Foschio, M.J.).  Therefore, plaintiff's motion to compel is denied.

**B.     Motion to Dismiss**

Relying on Local Rule 5.2(I), which provides that "[f]ailure to comply with the Federal Rules of Civil Procedure and Local Rules of Civil Procedure may result in the dismissal of the case, with prejudice", defendant argues that plaintiff's complaint should be dismissed for his "repeated non-compliance" with the Local and Federal Rules.  Affronti Affidavit [146], ¶9. In support of his motion, defendant details numerous instances where plaintiff has failed to file a notice of motion and supporting sworn affidavit and failed to request discovery from plaintiff before moving to compel in violation of the Local and Federal Rules (defendant's memorandum of law [146-1], pp. 3-13), as well as my previous denials of plaintiff's motions for his failure to comply with the Local Rules.  Affronti Affidavit [146], ¶16 (*citing* [19, 29, 49, 129]).  In response, plaintiff states that he does not "have the mental function to fully comply with the local rules due to the effects of dyslexia, compounded by pelvic floor tightness, and a concussion." Plaintiff's Response [148], p. 1.

Although I recognize that there has been a long history of plaintiff's failure to comply with the Local and Federal Rules in bringing motions, I question whether this non-compliance has been willful and sufficiently serious to warrant the harsh sanction of dismissal. Nevertheless, I need not address these questions at this time because  the sanction of dismissal

may only be imposed against a plaintiff who is proceeding *pro se*, if a "warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir.1994).

In addition to denying four of plaintiff's previous motions for failing to comply with the Local Rules [19, 29, 49, 129], I recently "reminded [plaintiff] of his obligation to only move for relief that he has a good faith basis for seeking" and that "[h]is future failure to do so may subject him to sanctions" July 13, 2011 Decision and Order [137], p. 5. However, I have never advised plaintiff that his failure to comply with the Local or Federal Rules may result in the dismissal of his case. Therefore, I recommend that defendant's motion to dismiss be denied, without prejudice to renewal. Plaintiff is cautioned that going forward his willful non-compliance with the Local and Federal Rules may result in sanctions, including dismissal of his case.

Alternatively, defendant seeks Rule 11 sanctions against plaintiff for lacking a good faith basis for filing his motion to compel, but acknowledges that "[i]n conformity with [Rule] 11(c)(2), . . . will file a separate motion . . . for such relief". Defendant's Memorandum of Law [146-1], p. 19.

## CONCLUSION

For these reasons, I order that plaintiff's motion to compel [135] be denied, and recommend that defendant's motion to dismiss [146] be denied, without prejudice.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by November 28, 2011 (applying the

time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED:   November 7, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge