UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RUSSELL VANBROCKLEN,

                Plaintiff,

                                                        ORDER
     v.                                                         09-CV-897A

DR. DHAM GUPTA,

                Defendant.

---

      The plaintiff, Russell VanBrocklen, appearing pro se, has asked the Court to remand to Magistrate Judge Jeremiah J. McCarthy a November 7, 2011 Report, Recommendation and Order (the "R&R;" Dkt. No. 155), that recommended denial of a motion filed by the defendant, Dr. Dham Gupta, to dismiss plaintiff VanBrocklen's case as a sanction for the plaintiff's repeated serious failures to comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.  Dkt. No. 158.  Despite having prevailed in opposition to defendant Gupta's motion to dismiss, the plaintiff objects to being warned in the R&R that he may be sanctioned by dismissal of the case for failure to comply with the Rules.  Id.  For the reasons that follow, the plaintiff's objection to the R&R is denied[1].

      Local Rule 5.2 of the Local Rules of Civil Procedure states at paragraph (I):

> All pro se litigants shall become familiar with, follow, and comply
> with the Federal Rules of Civil Procedure and the Local Rules
> of Civil Procedure, including those rules with special provisions
> for pro se litigants such as L.R. Civ. P. 1.3, 5.2, 11 and 16.

---

    [1]  The Court ordered that the R&R be adopted on December 1, 2011, before receipt by the Court of plaintiff VanBrocklen's objection to the R&R.  Dkt. Nos. 157-58.  Because the plaintiff's objection to the R&R appears to have been filed late, the Court addresses the objection as a motion to reconsider the Order adopting the R&R.

> Failure to comply with the Federal Rules of Civil Procedure and Local Rules of Civil Procedure may result in the dismissal of the case, with prejudice.

Id.  This Local Rule gives the same warning to every party appearing pro se that plaintiff VanBrocklen complains about being given in the R&R that recommended denial of defendant Gupta's motion to dismiss the case because of the plaintiff's failures to comply with the Rules.  Magistrate Judge McCarthy's repetition of the compliance warning in the R&R was neither clearly erroneous nor contrary to law.  It was certainly within Magistrate Judge McCarthy's discretion to repeat the warning.  The plaintiff's objection to the R&R is therefore denied.

The postage-paid stamp for plaintiff VanBrocklen's objection to the R&R mailed to my Chambers is dated November 29, 2011.  It therefore appears that the plaintiff's objection to the R&R was late, since objections were due to be filed with the Clerk on November 28, 2011[2].  The plaintiff alleges that he suffers from dyslexia, symptoms of a concussion, and other pathologies that interfere with his ability to read and to write well and efficiently.  See e.g., Dkt. No. 158 ("[f]or most of the day, I am functional[ly] illiterate . . . ." Id. at p. 3).  Yet the docket in the case, as well as in other cases the plaintiff has

---

[2]  The November 28, 2011 date for filing objections stated in the R&R seems to have been based upon the 14-day time limit for filing objections provided in the Rules modified by an expectation that the plaintiff would receive service of the R&R by mail and would serve any objections by mail.  Fed.R.Civ.P. 72(b), 6(a), and 5; Local Rule 72.  The plaintiff's filing states:

> P.S.  Judge McCarthy lets me mail motions in on the due date and accepts them as timely.

Doc. No. 158, p. 23.  The docket is silent on this supposed accommodation to the plaintiff, which would be unusual.  In any event, because it appears that the plaintiff did not mail his objection to the R&R until November 29, 2011, and neither sought nor obtained an extension of time to file the objection, the objection was late.

filed in this Court, establish that the plaintiff understands that he is required to comply with the Federal Rules of Civil Procedure, and the Local Rules of Civil Procedure, unless he has timely been granted an accommodation by the Court.  No request by the plaintiff for an extension of time to file the objection to the R&R was received by the Court.  No excusable neglect has been stated by the plaintiff to justify the late filing of the objection with a request for an extension of time.  See Fed.R.Civ.P.  6(b); Dkt. No. 158.  Accordingly, the Court has addressed the merits of plaintiff's late-filed objection by exercising its inherent power to reconsider its December 1, 2011 Order adopting the R&R instead of upon review of the R&R pursuant to Fed.R.Civ.P.  72 and Local Rule 72.  The Court's reasoning and conclusion upon reconsideration of the Order adopting the R&R would have been the same had plaintiff's objection to the R&R not been late.  The plaintiff is not to conclude that the Court will in the future address the merits of late filings or will address the merits of proposed filings mailed to Chambers instead of to the Clerk's Office for filing without his filing a motion seeking special accommodation for good cause shown.

Upon reconsideration of the Court's December 1, 2011 Order (Dkt. No. 157), it is hereby

ORDERED, that plaintiff VanBrocklen's objection to the November 7, 2011 Report, Recommendation and Order is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:December 7, 2011