UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RUSSELL VANBROCKLEN,

                    Plaintiff,

v.

DR. DHAM GUPTA,

                    Defendant.

_____

**REPORT AND RECOMMENDATION**

09-CV-00897(A)(M)

This case has been referred to me by Hon. Richard J. Arcara to hear and report on all dispositive motions [3].[1] Before me is defendant's motion for summary judgment pursuant to Fed. R. Civ. P. ("Rule") 56 [163], seeking dismissal of plaintiff's federal and state law claims on the merits, and plaintiff's motion to dismiss his medical malpractice claims against defendant [171]. For the following reasons, I recommend (1) that defendant's motion be granted in part and denied in part, by dismissing plaintiff's federal claims on the merits, and dismissing his state law claims without prejudice to their reassertion in state court, and (2) that plaintiff's motion be denied, without prejudice to its reassertion in state court.

**BACKGROUND**

The following facts are taken from defendant's L.R.C.P. 56(a)(1) Statement [163-1], to which plaintiff did not respond. On June 14, 2009, plaintiff suffered a severe panic/anxiety attack and was transported by ambulance to the emergency room of the Erie County Medical Center ("ECMC") at approximately 12:40 p.m. Defendant's L.R.C.P. 56(a)(1) Statement [163-1], ¶¶2,

---

[1] Bracketed references are to CM-ECF docket entries.

3. The triage nurse assigned plaintiff to the Comprehensive Psychiatric Emergency Program ("CPEP"), and placed him into an open treatment room within the CPEP (id., ¶3). Defendant attempted to evaluate of plaintiff, but because of plaintiff's threatening conduct, he questioned him from a distance (id., ¶4). Plaintiff refused to respond to his questions, and instead began screaming loudly (id., ¶4). Plaintiff remained under observation while his condition persisted (id., ¶5).

At approximately 12:58 p.m., an ECMC resident placed an order for Ativan to be administered, but it was not administered and plaintiff remained under observation (id). Instead, plaintiff was permitted to use his own plastic pressure point device to attempt to relieve his symptoms without medical intervention, but his symptoms became progressively worse (id., ¶¶6-7).

At approximately 1:08 p.m. defendant engaged in a discussion with other medical staff, which resulted in a consensus that immediate medical intervention was necessary to stabilize plaintiff in order to prevent injury or harm to himself (id., ¶8). Plaintiff was then simultaneously injected with Ativan and Haloperidol at approximately 1:10 p.m. by the nursing staff (id., ¶¶8-9).

Plaintiff's symptoms resolved within minutes of receiving the medications (id., ¶10). With plaintiff stabilized and no longer a danger to himself and others, defendant contacted plaintiff's treating psychologist ordered him discharged; however, at defendant's direction, his discharge was delayed approximately one hour to permit ECMC to continue to monitor him to ensure that he had no adverse reaction to the medication (id., ¶¶10, 11, 12). Plaintiff left ECMC at 3:15 p.m.(id., ¶13).

As a result of this conduct, plaintiff asserts federal claims under 42 U.S.C. §1983 (Amended Complaint [64], Count 7, ¶¶247-48), the Fourth Amendment (id., Count 17, ¶¶267-69), and the Fourteenth Amendment (id., Count 18, ¶¶270-72), and state law claims for intentional and negligent infliction of emotional distress (id., Counts 1, 19 ¶¶153-73, 273-75), negligence (id., Counts 2, 10-16, ¶¶174-82, 253-66), false arrest (id., Count 3, ¶¶183-214), battery (id., Counts 4-5, ¶¶216-40), New York's Mental Hygiene Law ("NYMHL") (id., Count 6, ¶¶241-246), malpractice (id., Count 8-9, ¶¶249-52), infliction of extreme pain (id., Count 20, ¶¶276-77), and failure to supervise (id., Count 21, ¶¶278-79).

In moving for summary judgment, defendant argues that plaintiff's §1983 claims must fail because defendant is not a "state actor" (defendant's Memorandum of Law [163-4], Point VIII(1)), that there was no deprivation of any constitutional right (id., Point VIII(2)), and that he is entitled to qualified immunity (id., Point VIII(3)). He also argues that plaintiff's pendent state law claims fail as a matter of law (id., Points I-VII).

Although my March 1, 2012 Text Order [164] required plaintiff to file a response to defendant's motion for summary judgment by April 2, 2012, he has failed to do so. Nevertheless, given plaintiff's *pro se* status, I will treat his motion for summary judgment [165] (which was denied [166, 167]) as his opposition to defendant's motion.[2]

---

[2] Even after the denial of this motion, plaintiff did not file a response to defendant's motion for summary judgment or seek an extension of his April 2, 2012 deadline to respond to defendant's motion. Plaintiff was also afforded the opportunity to provide medical documentation supporting his request for an accommodation by May 11, 2012 ([166], p. 3), but failed to do so by that deadline.

## ANALYSIS

**A.      Summary Judgment Standard**

The standard to be applied on a motion for summary judgment in this Circuit is well settled. "'Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant[.] Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party.'" Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003).

**B.      Plaintiff's Federal Claims**

Although plaintiff purports to state separate causes of action under the Fourth and Fourteenth Amendments in addition to 42 U.S.C. §1983, it is well settled that "§ 1983 provides the exclusive remedy for securing redress of constitutional violations". Yoonessi v. State University of New York, 862 F.Supp. 1005, 1015-16 (W.D.N.Y. 1994) (Arcara, J.), leave denied, 56 F.3d 10 (2d Cir.1995), cert. denied, 516 U.S. 1075 (1996); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993)

("a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983"). Therefore, unless plaintiff satisfies the requirements of §1983, his federal claims must be dismissed.

"In order to maintain a section 1983 action . . . the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). In previously moving to dismiss plaintiff's claims pursuant to Rule 12(b)(6), defendant argued that plaintiff's federal claims "must fail because there is no allegation that Dr. Gupta is a state actor or otherwise acted under color of state law". Defendant's Memorandum of Law [67-3], p. 5. In recommending denial of that motion, I reasoned that "when liberally read, plaintiff's *pro se* Amended Complaint alleges that defendant was acting under color of state law". November 23, 2010 Report and Recommendation [94], subsequently adopted by Judge Arcara on January 13, 2011 [98].

That decision does not preclude defendant from now moving for summary judgment. "The ruling on a motion to dismiss for failure to state a claim for relief is addressed solely to the sufficiency of the complaint and does not prevent summary judgment from subsequently being granted based on material outside the complaint." 10A Wright, Miller, Kane, Federal Practice & Procedure (Civil) §2713 (3d ed.); Pacheco v. New York Presbyteriian Hospital, 593 F. Supp.2d 599, 609 n. 2 (S.D.N.Y. 2009).

Thus, notwithstanding my previous ruling that plaintiff has sufficiently alleged that defendant is a state actor, I must now decide whether he can prove that allegation. "There are three methods for determining whether or not a private party is a 'state actor' for purposes of section 1983 liability. Specifically, a private party may be considered a state actor (1) when there

is a close nexus between the private and state actors, (2) when the private activity is a product of 'state compulsion, or (3) when the private activity is a public function." People for the Ethical Treatment of Animals v. Out Front Productions LLC, 2006 WL 839442, *4 (W.D.N.Y. 2006) (Telesca, J.). While, "there is no simple litmus test for determining state action", "'the ultimate resolution of whether an actor was . . . functioning under color of law is a question of law for the court.'" Rivoli v. Gannett Co., Inc., 327 F.Supp.2d 233, 239-240 (W.D.N.Y.2004) (Larimer, J.) (*quoting* Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 344 n. 7 (4th Cir. 2000), cert. denied, 531 U.S. 1126 (2001)).

Each of these criteria will be considered.

### 1. Close Nexus

"To establish the existence of state action under the 'close nexus' test, a plaintiff must show 'a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.'" People for the Ethical Treatment of Animals, 2006 WL 839442 at *4. "A close nexus may also be demonstrated by a showing that the State has insinuated itself into a position of interdependence with the private party to such a degree that the State and private party are acting as 'joint participants.'" Id.

There is no evidence in the record to support the existence of a close nexus between defendant and the state. While ECMC, "as a public hospital, is a state actor", VanBrocklen v. Erie County Medical Center, 96 A.D.3d 1394, 1395 (4th Dep't. 2012), it is undisputed that defendant was not an employee of ECMC, and that the work he was performing

was pursuant to his agreement with University Psychiatric Practice ("UPP"). Gupta Affidavit [163-2], ¶2.

Although UPP had a contract with ECMC to provide services at ECMC, defendant was not an employee or member of UPP, and his only direct and full time employment was with the Buffalo Psychiatric Center (id.). Even if the conduct at issue arose while defendant was performing work pursuant to a contract with the State, "[a] private entity does not become a state actor merely by performing under a state contract". Elufe v. Lyons, 2010 WL 2606649, *2 (E.D.N.Y. 2010) (*citing* Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982)).

2. **State Compulsion**

"To establish state action under the 'state compulsion' test, a plaintiff must demonstrate that a state actor exercised coercive influence over a private actor, or provided significant encouragement, either overt or covert to a private actor such that the private actor's actions must be deemed to be the actions of the State." People for the Ethical Treatment of Animals, 2006 WL 839442 at *4 (*citing* Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)). The record contains no evidence that "any state actor exerted coercive influence over [defendant], or significantly encouraged [him] to act in any particular manner such that [his] actions could only be considered to be State action." Id.

3. **Public Function**

"To establish the existence of state action under the 'public function' test, a plaintiff must demonstrate that the private actor was acting in an area that is 'traditionally the

exclusive prerogative of the State'". People for the Ethical Treatment of Animals, 2006 WL 839442 at *4. "The State is ultimately not liable for determinations that 'turn on medical judgments made by private parties according to professional standards that are not established by the State' . . . especially where, as here, [the doctor] was not performing a function traditionally reserved for the State and where he was not under contract with the State to provide medical services." Vazquez v. Marciano, 169 F.Supp.2d 248, 253 -254 (S.D.N.Y. 2001)(*quoting* Blum v. Yaretsky, 457 U.S. 991, 1008 (1982)). *See* Koulkina v. City of New York, 559 F.Supp.2d 300, 320 (S.D.N.Y. 2008) ("Private physicians are generally not state actors, especially where the physician is 'not performing a function traditionally reserved for the State and where [the physician] was not under contract with the State to provide medical services'").

        The uncontested facts establish that, based upon defendant's "education, training and experience as a psychiatrist, coupled with [his] observations and assessment [of plaintiff], [he] ordered that plaintiff be administered standard dosages of Haldol and Ativan." Gupta Affidavit [163-2], ¶11. Under these circumstances, and absent any employment relationship between defendant and ECMC, it cannot be said that defendant was a state actor. "Any sedatives administered to plaintiff, and any blood or urine samples taken by [the doctor], were given or taken at his own instigation for the purpose of helping him make a professional medical diagnosis. Thus, [the doctor] cannot be considered a State actor, whether under the compulsion test, the close nexus/joint action test, or the public functions test." Vazquez, 169 F.Supp.2d at 253.

Having concluded that the record does not satisfy any of the criteria for considering defendant to be a state actor, I recommend that plaintiff's federal claims be dismissed.

C. **Plaintiff's State Law Claims**

Since I have recommended that all of plaintiff's "federal claims fail as a matter of law, there is no longer any independent basis for federal jurisdiction in the within action". Palagonia v. Sachem Central School District, 2012 WL 1391917, *10 (E.D.N.Y. 2012). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988) ("in the usual case in which all federal - law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims"); George v. Reisdorf Bros., Inc., 410 Fed.Appx. 382, 387 (2d Cir. 2011) (Summary Order)(holding that the district court's decision not to exercise supplemental jurisdiction over the remaining state law claims following the dismissal of the federal claims by summary judgment was not improper).

"While discovery has been completed and the instant case proceeded to the summary judgment stage, it does not appear that any discovery would need to be repeated if plaintiffs' pendent claim was brought in state court . . . . Moreover, since New York's CPLR §205 allows a plaintiff to recommence a dismissed suit within six months without regard to the statute

of limitations,' plaintiffs will not be prejudiced by the dismissal of their state law claims.'" Palagonia, 2012 WL 1391917 at *10.[3]

## CONCLUSION

For these reasons, I recommend (1) that defendant's motion [163] be granted in part and denied in part, by dismissing plaintiff's federal claims on the merits, and dismissing his state law claims without prejudice to their reassertion in state court, and (2) that plaintiff's motion [171] be denied, without prejudice to its reassertion in state court.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by October 9, 2012 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

---

[3] In a subsequent motion [171], plaintiff requests "that the Court dismisses [*sic*] all my medical malpractice claims against Dr. Gupta with prejudice. They're simply not worth the effort to move forward with". However, as it is not entirely clear which claims plaintiff considers to be his medical malpractice claims, this motion is denied, without prejudice to renewal in state court.

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: September 20, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge